## Tagg's Estate

*E. Russell Shockley*, for Commonwealth, petitioner.
*Benjamin F. Umberger*, for appellant.

Fox, J., April 16, 1934.—We have before us a motion to dismiss an appeal nunc pro tunc authorized by a decree of this court on October 23, 1933, from the appraisement filed of certain personal property, viz., a bond and mortgage included in the appraisement made for the purpose of ascertaining the amount of transfer inheritance tax due the Commonwealth from the above-mentioned estate. The reason assigned for the dismissal of the appeal nunc pro tunc, in substance, is that the appeal nunc pro tunc allowed by the court was not filed in due time, viz., within 30 days from the time of the dismissal of the exceptions to the allowance of the said appeal.

The original rule granted was to show cause why an appeal nunc pro tunc from the appraisement as filed in the office of the register of wills should not be allowed. Testimony was taken thereon, argument had, and an opinion filed on October 23, 1933, in which the rule was made absolute and an appeal nunc pro tunc as prayed for was allowed. Exceptions were filed by the Commonwealth, and on November 2, 1933, they were overruled.

In the appraisement was included a bond and mortgage in the amount of $3,400, which had been assigned by Mary E. Tagg, reserving to herself the annual interest proceeding therefrom, to Elaine Elizabeth Rosborough, a minor, which assignment was properly executed and with the bond and mortgage was delivered to John Rosborough, the father of the said minor, who held the same at the request of the said decedent. The said Mary E. Tagg thereupon and thereafter disclaimed any control of said assigned bond and mortgage. This was a gift inter vivos and became the property of the said minor by the said assignment and delivery. Wherefore, the appeal was allowed.

By the Act of June 22, 1931, P. L. 689, it is provided:

"Any person not satisfied with any appraisement of the property of a resident decedent may appeal, within thirty days, to the orphans' court, on paying or giving security to pay all costs, together with whatever tax shall be fixed by the court. The appeal shall specify all the objections to said appraisement, and any objections not specified in the appeal shall not be considered by the court. Upon such appeal, the court may determine all questions of valuation and of the liability of the appraised estate for such tax, subject to the right of appeal to the Supreme or Superior Court."

By our decision and the overruling of the exceptions thereto, the appellant had the right to appeal within 30 days from the date of the decision overruling the exception under the said act. This was not done until January 19, 1934, or 78 days from the date the rule finally became absolute. We are of the opinion that the appeal should have been filed within 30 days from the date the said

692

exceptions were overruled and the rule became effective. The appellant having failed to file the appeal for a period of 78 days, it was too late.

Wherefore, the petition to strike off the appeal nunc pro tunc must be sustained.

And now, April 16, 1934, upon due consideration, it is hereby ordered, adjudged, and decreed that the appeal nunc pro tunc filed January 19, 1934, is hereby stricken off at the cost of the appellant.

From Homer L. Kreider, Harrisburg, Pa.